UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 1:04-CV-10243 MEL

HUDSON REALTY CAPITAL LLC, Plaintiff }
}
v. }
}
25 WIGGINS AVENUE LLC and }
LAXMAN S. DESAI, Defendants }

## STATEMENT OF DISPUTED ISSUES

Defendant, Laxman Desai, through its counsel, submits the following statement of disputed material issues in this case:

1. The document signed by defendant on or about July 1, 2003, was merely a "term sheet" for a proposed loan. Said "term sheet" did not and does not constitute an agreement between the parties which binds plaintiff to make a loan, and which would bind defendant to pay a "break-up" fee.

2. The "term sheet" dated and signed on or about July 1, 2003, did not unambiguously set forth the amount to be loaned, the collateral which would be required to secure repayment of any loan, or other terms which are necessary to prove from the document itself that the parties had a "meeting of the minds" on all of the requisite terms and conditions that would and did commit plaintiff to make a loan to defendant.

3. The "term sheet" dated and signed on or about July 1, 2003, contains the following language:

> *"If the transaction contemplated by this letter of intent is not consumed on or before July 31, 2003, then the terms and conditions set forth herein shall thereafter expire, without further notice or act of any kind by Lender or any other party. Time shall be of the essence with respect to the foregoing expiration date and the performance by Borrower, Principal(s) and Guarantor(s) under all of the loan documents."*

Said language, by itself, and together with other similar language in the text, unambiguously states that this "letter of intent" expires on July 31, 2003 if the transaction contemplated by it is not consummated on or before July 31, 2003.

The "letter of intent," or "term sheet," signed on or about July 1, 2003, did, in fact, expire on July 31, 2003. It was not renewed or extended by the parties. The transaction contemplated, to wit: the purchase of 25 Wiggins with financing provided by Hudson Realty Capital LLC did not occur as no loan agreement was ever made between plaintiff and defendant.

4.   Plaintiff failed to conduct good faith negotiations for a loan agreement. Defendant made a full disclosure of his income and assets during the "due diligence" period in July 2003, and otherwise cooperated fully with plaintiff. But, plaintiff repeatedly rejected proposed collateral as not having sufficient value, in a ploy to get defendant to pledge as collateral other property, i.e. 675 Indiantown Road, a personal residence, and 15 Wiggins, none of which could be a part of this deal. Defendant's personal residence is not owned or controlled by defendant; and 15 Wiggins and 675 Indiantown cannot be pledged by virtue of restrictions and prohibitions in loan documents on those properties. Furthermore, the specific terms of this proposed loan were never agreed to and the loan documents to memorialize the terms of the deal were never finalized either. Lastly, the "letter of intent" expired on July 31, 2003, freeing both parties from its terms.

5.   There was no "disguised alternate financing" engaged in by defendant to defeat plaintiff's entitlement to any contractual benefit it might have been due from the defendant. Rather, plaintiff knew that defendant had made a substantial cash deposit on 25 Wiggins, and that closing dates were extended so that this proposed financing could be finalized. Defendant was without sufficient funds to close 25 Wiggins on the specified

date, so he took reasonable steps to preserve and protect his interest in 25 Wiggins by entering into an Option Agreement and Lease Agreement.

6.  Plaintiff's correspondence dated August 27, 2003 which purports to actually commit plaintiff to make the loan is totally ineffective because there is no specificity as to the amount of the loan, or the collateral needed to secure it. It was sent after defendant on August 25, 2003 unequivocally notified plaintiff that negotiations were finished and nearly four (4) weeks after the "term sheet/letter of intent" expired.

7.  No "break-up" fee or other fee or cost is now due or payable by defendant to plaintiff.

                                            Defendant
                                            By his attorney

                                            _____
                                            Robert G. Cohen BBO #090340
                                            188 Oaks Road
                                            Framingham, MA 01702
                                            (508) 875-0035

Dated: August 10, 2004