**EXHIBIT  3**

07/08/2003  16:22    2125327901
Jul 01 03 03:44p    Toxikon Operations
07/01/2003  14:24    2125327901                    17812711137
PAGE  02
p.3
PAGE  02

# HUDSON REALTY CAPITAL, LLC

381 Park Avenue South-Suite 428
New York, New York 10016
Tel: (212) 532-3553  Fax: (212) 532-7901

2 University Plaza-Suite 206
Hackensack, New Jersey 07601
Tel: (201) 343-3222  Fax: (201) 343-1523

July 1, 2003

Dr. Laxman Desai
c/o Patrick Bisceglia
Bluestone Realty Advisors, Inc.
199 Main Street-Floor 9
White Plains, NY 10606

    Re:    25 Wiggins Avenue-Bedford, MA

Dear Mr. Desai:

Hudson Realty Capital, LLC ("Lender") is interested in providing financing on the Property (hereinafter defined). This proposal (the "Letter") outlines the general terms and conditions under which Lender shall proceed and does not constitute a loan commitment, either express or implied, on behalf of Lender, and does not impose any obligation on Lender to make the loan.

**Borrower:** A single asset, bankruptcy remote entity acceptable to Lender in Lender's sole and absolute discretion ("Borrower"), in which Dr. Laxman Desai (the "Principal(s)") is the member, principal, or partner, as the case may be.

**Collateral:** 25 Wiggins Avenue-Bedford, MA ("Property").

**Loan Amount:** Not to exceed $5,000,000.00 to be advanced pursuant to the loan documents provided by Lender in Lender's sole and absolute discretion (the "Loan").

**Loan-to-value ("L/V")/ DSCR:** The Loan shall not exceed 60.00% of the appraised value of the Property and the additional collateral (further defined in "Special Conditions"). The L/V shall be determined by Lender in its sole and absolute discretion.

**Maturity:** One Year.

**Interest Rate:** 12.00% per annum based on a 360-day year paid monthly in arrears.

**Amortization:** Interest Only.

**Commitment Fee:** Borrower shall pay a fee to Lender of 3.00% of the Loan Amount upon closing of the Loan.

**Deposits:** The Borrower shall deposit in the form of bank check or wire, the sum of $5,000.00, which will be applied to Lender's underwriting fee (the "Due Diligence Fee"). Said sum shall be deemed earned by Lender at the time of payment and shall be non-refundable regardless of whether a loan commitment is issued or the Loan closes. The Due Diligence Fee does not cover costs of third party reports (i.e. appraisal, environmental, or Construction Loan Administrator/Plan and Specification Reviewer, if necessary). The Borrower must pay for these third party reports in addition to the Due Diligence Fee.



.07/08/2003  16:22    2125327901

PAGE  03

Jul  01  03  03:44p    Toxikon Operations        17812711137        P.4
     07/01/2003  14:24    2125327901
                                                            PAGE  03

Hudson Realty Capital, LLC
July 1, 2003
Page 2 of 4

Prior to the commencement of documentation, the Borrower shall deposit in the form of bank check or wire, the sum of $10,000.00 to be applied towards Lender's attorneys fees and disbursement in connection with this Loan. If the Loan does not close for any reason, the unused portion of this fee shall be refunded. The Borrower, Principal(s) and Guarantor(s) (hereinafter defined) is responsible for paying all legal fees and disbursements associated with the preparation for and closing of the Loan, including those incurred in connection with obtaining co-lenders and/or participants, if any, together with legal fees and disbursements of Lender's participants and/or co-lenders. All such fees are payable regardless of whether a loan commitment is issued or the Loan closes.

**Security:** The Loan shall be secured by a first mortgage on the Property, an assignment of rents, leases and profits upon the Property and a perfected security interest in all personal property and/or equipment used in connection with the Property. The mortgage and security interest shall constitute valid liens encumbering the Property, and such Property shall be subject to pledge of equity interests to no other liens or encumbrances, except as approved by Lender in its sole discretion. No additional senior or secondary financing will be permitted during the term of the loan, either secured or unsecured.

**Reserves:**

**Interest Reserve:** At closing, a To-be-determined interest reserve shall be established with the Lender.

**Escrows:** At closing, a three month real estate tax and insurance escrow account shall be established with the Lender based off 110% of the annual premiums. Additionally, Borrower shall escrow 1/12th of 110% of the annual premiums for real estate taxes and insurance each month, along with the monthly interest payments.

**Lease Approval:** Lender shall have the right to approve new leases and amendments to existing leases.

**Prepayment:** No prepayment of the loan shall be permitted without Lender, or its assigns, having received at least 6 months interest.

**Due Diligence:** Due Diligence shall include but not be limited to Lender completing, to its sole and absolute satisfaction, a complete review of the financials and credit of the Borrower, Principal(s), and Guarantor(s) (hereinafter defined), the Property and the surrounding market, title, and insurance. Lender reserves the right to order and review, an MAI certified appraisal, Phase I Environmental report, Structural Engineering Report and any other reports deemed necessary by Lender in its sole and absolute discretion, which reports shall be paid for by Borrower.

**Brokers:** Borrower represents that it has not dealt with any broker or finder with respect to the Loan other than Bluestone Realty Advisors, Inc. (the "Broker") and that a compensation agreement exists with the Broker. Borrower shall and hereby does agree to indemnify and hold Lender harmless from and against any claim, cost, liability or expense, including, but not limited to, reasonable attorneys' fees, arising out of any claim asserted by Broker or any broker or finder who claims to have worked with or represented the Borrower in connection with the Loan.

07/08/2003  16:22     2125327901
Jul 01 03 03:44p     Toxikon Operations           17812711137
07/81/2003  14:24    2125327981

PAGE   04

PAGE   04
P.5

Hudson Realty Capital, LLC
July 1, 2003
Page 3 of 4

| | |
|---|---|
| Documentation: | Upon Borrower's acceptance of this letter and payment of the Due Diligence Fee as outlined herein, Lender shall commence its Due Diligence and the Documentation of the Loan based on terms outlined herein. Such documentation shall include Lender's standard loan documentation, and shall include, but shall not be limited to, a mortgage, mortgage note, environmental indemnity agreement, security agreement, assignment of leases and rents, an opinion letter from Borrower's counsel, requirements for monthly reporting, Borrower's covenants and representations in affidavit form, and other documents, instruments and/or undertakings. All of the forgoing shall be required by and shall be in a form acceptable to Lender in its sole and absolute discretion. |
| Guarantee: | 100% of the Loan, plus all accrued interest, plus all costs of enforcement of the Loan, plus any and all other sums due or to become due Lender under the Loan Documents, shall be guaranteed by Dr. Laxman Desai the principal(s) of the Borrower, its Manager or General Partner, as the case shall be and any other person or member controlling more than 10% of the Borrower (collectively, "Guarantor(s)"). In addition, Guarantor(s) shall be required to execute an environmental indemnity agreement in form and substance satisfactory to Lender. |
| Break-Up Fee: | The Borrower and Guarantor(s) hereby expressly agree and acknowledge that (a) Lender is devoting its personnel and financial resources to the consideration of this Loan; (b) in Lender's industry, business opportunities are limited, and extremely competitive; (c) compensation to the Lender, in the event Borrower obtains financing from a source other than Lender, would be extremely difficult to calculate; (d) Lender cannot, as a result of this underwriting and analysis, commit its resources to other potential transactions and may be deprived of business opportunities thereby; and (e) Lender may suffer negative impact in the industry, in the event the Borrower does not complete this proposed transaction or obtains financing from a competitor of the Lender. Accordingly, the Borrower hereby expressly agrees that, for the six (6) month period commencing upon the execution of the Letter, but prior to its funding of the Loan, in the event the Borrower or an affiliate or controlled entity (a) obtains debt or equity financing for the Property from a source other than Lender, or (b) sells, assigns or otherwise conveys the Property or its interest therein Lender shall be deemed to have earned a Break-Up Fee, and shall be entitled to be paid the same, in the amount of two percent (2%) of the Loan. |

Payment of all fees and expenses referred to in this Paragraph (Break-Up Fee), are guaranteed by the Borrower, Principal(s), and Guarantor(s), and each of them, each of whom indicate their acceptance of the terms of this paragraph by executing this Letter. The Borrower, Principal(s), and the Guarantor(s) hereby consent, on behalf of themselves, and all related or affiliated entities which have an interest in this transaction or which have a right or title in or to the Collateral, to the filing or recordation of a lis pendens or any other appropriate documentation to evidence a lien for the payment required, including all attorneys' fees and costs of collection pursuant to this Paragraph (Break-Up Fee).

| | |
|---|---|
| Closing, Time Of the Essence: | If the transaction contemplated by this letter of intent is not consummated on or before July 31, 2003, then the terms and conditions set forth herein shall thereafter expire, without further notice or act of any kind by Lender or any other party. Time shall be of the essence with respect to the foregoing expiration date and the performance by Borrower, Principal(s) and Guarantor(s) under all of the loan documents. |

07/08/2003  16:22    2125327901                                                    PAGE  05

Jul 01 03 03:45p    Toxikon Operations        17812711137              P.6
   07/01/2003  14:24    2125327901
                                                                    PAGE  05

Hudson Realty Capital, LLC
July 1, 2003
Page 4 of 4

Special Conditions:    -Lender shall receive as additional collateral ("Additional Collateral") a combination of senior and/or subordinate financing on other assets owned in part or whole by Borrower. Said additional collateral shall be determined by Lender in its sole and absolute discretion.

This proposal shall expire on July 1, 2003. Please indicate your acceptance of this proposal by signing and returning same with the specified moneys in the form of bank check or wire the total sum of $15,000.00. Lender will then commence due diligence and begin initial documentation of the Loan. This proposal outlines the general terms and conditions under which Lender shall proceed and does not constitute a loan commitment, either express or implied, on behalf of Lender, and does not impose any obligation on Lender to make the loan.

Agreed To:

HUDSON REALTY CAPITAL, LLC

By:    Richard Ortiz

Acknowledged and accepted this  3  day of  July  , 2003, by

BORROWER

By :
    Dr. Laxman Desai                    07/01/03

It:    Owner

Dr. Laxman Desai ("Guarantor")

07/08/2003  16:22   2125327901

PAGE  01

# HUDSON REALTY CAPITAL

381 Park Avenue South-Suite 428
New York, NY 10022
Tel: (212) 532-3553   Fax: (212) 532-7901

# Facsimile Cover Sheet

July 8, 2003

\# of Pages _____ -including cover

To:   Scott Hartstein
      SWH Funding Corp.

Fax: 201-343-1523

From: **SPENCER GARFIELD**

*Re:* _____

Notes:

_____
_____
_____
_____
_____

THIS TRANSMISSON IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS
ADDRESSED. THIS TRANSMISSON MAY CONTAIN INFORMATION THAT IS PRIVILEGED OR CONFIDENTIAL. IF THE
READER IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE
MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS COMMUNICIATION IS STRICTLY PROHIBITED. IF YOU RECIEVE THIS
TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY!