**EXHIBIT 9**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HUDSON REALTY CAPITAL LLC, Plaintiff  }   03-CIV-8388 (WHP)
                                      }
                                      }   DEFENDANT'S ANSWERS
                                      }   TO PLAINTIFF'S FIRST
                                      }   SET OF INTERROGATORIES
                                      }
25 WIGGINS AVENUE LLC and             }
DR. LAXMAN DESAI, Defendants          }

Q1. Identify the persons who participated or assisted in responding to these Interrogatories.

A1. Laxman S. Desai, 15 Wiggins Avenue, Bedford, Massachusetts; Nancy DiGiulio, 15 Wiggins Avenue, Bedford, Massachusetts; Dexter Williams, 15 Wiggins Avenue, Bedford, Massachusetts; Robert G. Cohen, 188 Oaks Road, Framingham, Massachusetts 01702.

Q2. Identify the persons who participated or assisted in responding to Plaintiff's request for the production of documents.

A2. Those persons listed in Answer #1 also assisted and participated in responding to the document request.

Q3. Describe how and when Defendant learned about HRC and the circumstances leading up to Defendant's execution of the document annexed as Exhibit A to the complaint in this action (the "Letter Agreement"), as admitted in Paragraph 5 of Defendant's answer thereto.

A3. By agreement, no response required as plaintiff has waived this interrogatory.

Q4. Identify all communications between Defendant and Plaintiff prior to Defendant's execution of the Letter Agreement.

A4. By agreement, no response required as plaintiff has waived this interrogatory.

Q5. Identify all communications between Defendant and Plaintiff subsequent to Defendant's execution of the Letter Agreement concerning (a) the Letter Agreement or (b) real property located at 25 Wiggins Avenue, Bedford, Massachusetts (the "Property").

A5. By agreement, no response required as plaintiff has waived this interrogatory.

Q6. Identify all personal and real property within the state of New York in which Defendant directly or indirectly holds a beneficial interest.

A6. By agreement, no response required as plaintiff has waived this interrogatory.

Q7. Identify all occasions within the three (3) years ended September 15, 2003 on which Defendant was present within the state of New York, and for each such occasion, (a) state the nature and duration of Defendant's visit, (b) identify all persons with whom Defendant met and (c) provide the address(es) Defendant visited (if unknown, provide the county and town or any other identifying information known to Defendant.

A7. By agreement, no response required as plaintiff has waived this interrogatory.

Q8. Identify all business transactions involving New York residents (whether entities or individuals) or property situated in New York in which Defendant has engaged within the past five (5) years.

A8. None, that I can recall.

Q9. Does Defendant contend that HRC failed to perform any obligation imposed upon it pursuant to the Letter Agreement? If so, describe the nature of the obligation(s) and the facts concerning Defendant's contention that HRC failed to perform said obligation(s).

A9. Defendant contends at this time, without prejudice to his right to supplement this response at a later timely date, that plaintiff never committed to make the loan which had been applied for. From the outset of negotiations, which continued until defendant broke off discussions in August, 2003, plaintiff continually changed the terms of the proposed loan. Plaintiff never gave defendant a firm, bankable loan commitment, which was its obligation to do.

2

Q10. Does Defendant currently hold, directly or indirectly, any beneficial ownership, leasehold or other interest in the Property? If so, please (a) describe the interest, (b) state when Defendant acquired such interest and (c) identify any agreement to which Defendant is a party concerning such interest.

A10. (a), (b), (c)   I understand that my interest in 25 Wiggins Avenue, Bedford, Massachusetts, is defined by the Option Agreement, amendments thereto, and a certain Purchase and Sales Agreement, the terms of which are incorporated in the Option Agreement, including a certain Lease Agreement between Opta Foods, as lessor, and Toxikon Corporation, as lessee. These documents have been or will be produced at a mutually convenient time and place.

Q11. State each and every fact known to Defendant that supports the first defense set forth in Defendant's answer to the complaint (that the complaint fails to state a cause of action).

A11. At this time, without prejudice to his right to supplement this response at a later timely date, plaintiff contends that as a condition to defendant being obligated to close the loan or pay a so-called "break-up" fee, plaintiff was required to have actually committed to make the proposed loan on terms mutually acceptable. This never happened. A loan contract that never existed can not have been breached.

Q12. State each and every fact known to Defendant that supports the third defense set forth in Defendant's answer to the complaint (that Plaintiff failed to comply with a condition precedent) and identify the condition precedent that Plaintiff allegedly did not comply with.

A12. At this time, without prejudice to his right to supplement this response at a later timely date, plaintiff contends that as a condition to defendant being obligated to close the loan or pay a so-called "break-up" fee, plaintiff was required to have actually committed to make the proposed loan on terms mutually acceptable. This never happened. A loan contract that never existed can not have been breached.

3

Q13. State each and every fact known to Defendant that supports the fifth defense set forth in Defendant's answer to the complaint (that Plaintiff is equitably estoppped from asserting claims against Desai) and describe all conduct on Plaintiff's part that defendant alleges justifies such equitable estoppel.

A13. At this time, without prejudice to his right to supplement this response at a later timely date, plaintiff contends that as a condition to defendant being obligated to close the loan or pay a so-called "break-up" fee, plaintiff was required to have actually committed to make the proposed loan on terms mutually acceptable. This never happened. A loan contract that never existed can not have been breached.

Signed Under the Penalty of Perjury on January 27, 2004 at Bedford, Massachusetts.

Laxman S. Desai

Objections, if any

Robert G. Cohen BBO # 090340
Attorney for Defendant
188 Oaks Road
Framingham, MA 01702
(508) 875-0035

4