UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUDSON REALTY CAPITAL LLC<br>    Plaintiff | }<br>}<br>}<br>} |
| v. | }    CA NO. 1:04 CV 10243 MEL<br>} |
| LAXMAN S. DESAI<br>    Defendant | }<br>}<br>}<br>} |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR HEARING

1.  **Introduction.**

Defendant Laxman S. Desai (Desai) submits this memorandum in opposition to plaintiff's renewed motion for summary judgment. Apart from the numerous disputed material facts of record, the ambiguity of the contract upon which plaintiff declares and relies, and the previous Order dated October 27, 2004, denying the original summary judgment motion, plaintiff has not produced any new evidence which warrants allowance of the renewed motion, much less a hearing on it. Plaintiff is not entitled to judgment in its favor as a matter of law. Plaintiff's motion for summary judgment must be denied.

Desai relies upon his submission filed in opposition to the original motion for summary judgment which includes the Affidavit of Laxman S. Desai, Statement of Disputed Issues and Defendant's Memorandum of Law. Desai submits new material as follows: Deposition Testimony of Laxman Desai; the Affidavit of Dexter Williams, the Affidavit of Nancy DiGiulio, this new Memo, and a new Statement of Disputed Facts.

Desai requests a hearing on this motion.

2.   **The Summary Judgment Standard.**

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Kourouvacilis v. Gen. Motors Corp.*, *410 Mass. 706, 716 (1991)*; *Mass. R. Civ. P. 56 (c).* The moving party bears the burden of establishing the absence of a triable issue, *Pederson v. Time Inc.*, *404 Mass. 14, 17 (1989)*. Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. *Id.* "A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial. *Kourouvacilis*, *410 Mass. at 711*, citing *Celetex Corp. v. Catreet*, *477 U.S. 317, 323 (1986)*. In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and the affidavits. *Cmty. Nat'l Bank v. Dawes*, *369 Mass. 550, 553 (1976)*; *Mass. R. Civ. P. 56(c)*. The summary judgment record must be viewed in the light most favorable to the non-moving party. See *Costa v. Boston Redsox Baseball Club*, *61 Mass. App. Ct. 299, 300 (2004)* and cases cited. The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. *LaLonde v. Eissner*, *405 Mass. 207, 209 (1989)*.

The role of a judge at summary judgment is to determine if there are triable issue(s) of material fact(s) by considering whether a reasonably jury could find for the nonmoving party based on the admissible evidence. The judge is not to invade the province of the trier of fact by making credibility determinations or weighing evidence. *Mahan v. Boston Water & Sewer Comm.*, *179 FRD 49 (D. Mass. 1998)*.

3.   **Standards for Interpretation of the "Term Sheet."**

Resolution here depends upon a proper interpretation of the Term Sheet. These are usually questions of law for the Court. *Lumber Mut. Ins. Co. Zoltek Corp.*, *419 Mass. 704, 707 (1995)*. "In the absence of an ambiguity, {the Court} will 'construe words of the {document} in their usual and ordinary sense.'" *116 Commonwealth Condominium Trust v. Aetna Casualty & Surety Company*, *433 Mass. 373, 376 (2001)*. The mere facts that parties disagree on the proper

construction of a document's language does not necessarily establish an ambiguity. *Lumbermans Mut. Cas. Comp. v. Offices Unlimited, Inc.*, 419 Mass. 462, 466 (1995).

The document is, however, to be read in light of the circumstances of its execution, which may enable a Court to see whether its words can be understood or are actually ambiguous. *Robert Industries Inc. v. Spence*, Mass. 751 753 (1973).

When an element of ambiguity does appear in a document, the Court is to consider the entire instrument and the general scheme it reveals to determine the significance and meaning of the ambiguous terms. *MacDonald v. Gough*, 326 Mass. 93, 96 (1950). "The object of the {Court} is to construe the {document} as a whole, in a reasonable and practical way, consistent with its language, background and purpose." *USM Corp. v. Arthur D. Little Systems Inc.*, 28 Mass. App. Ct. 108, 116 (1989). The Court is to act in a way to give effect to the Term Sheet as a rational business instrument to carry out the intent of the parties, if possible. *Starr v. Fordham*, 420 Mass. 178, 192 (1990). Even in the case of an ambiguous document, interpretation is a matter of law for the Court except insofar as it may turn on facts in genuine dispute. *Gross v. Prudential Ins. Co. of American, Inc.*, 48 Mass. App. Ct. 115, 119 (1999).

Justice, common sense and the probable intention of the parties upon consideration of the words in question are guides to the construction of this written document. *City of Haverhill v. George Brox, Inc.*, 47 Mass. App. Ct. 717, 720 (1999).

4. **Argument Summary. Desai Is Not Liable For A "Break-Up" Fee Because No Loan Was Ever Committed And Because The Parties' Obligations To Each Expired.**

Desai is not liable to plaintiff for a "break up" fee or for any other fee or expense in connection with the "term sheet." No loan was ever committed to Desai or actually made to Desai by HRC. The negotiation conducted by these parties for the proposed loan was unsuccessful. By its own terms, the "term sheet" expired on July 31, 2003 because the contemplated transaction did not occur. The term sheet was not renewed or extended by the parties. After July 31, 2003, Desai was free to make other financing arrangements without

further obligation whatsoever, and HRC was also free to commit its resources to other deals. That is why the parties utilized the July 31, 2003 cutoff date.

The record of this case is replete with disputed facts. There was no actual loan agreement which had been committed to. The amount of the loan was never established, nor was the collateral to secure loan repayment identified and agreed upon by the parties. The term sheet expired before the contemplated transaction occurred. The term sheet was not extended or renewed beyond July 31, 2003, time being of the essence. HRC limited its exposure to a 31 day period, after which it could commit to other loans.

Desai did nothing nefarious to avoid any contractual obligation and did not breach any contract. Instead, Desai acted to preserve his purchase rights by accepting the option offer and a lease. Defendant had no choice to do what he did because the purchase and sales agreement was scheduled for performance and he was without sufficient funds to close it. Desai's alternative was to forfeit his deposit. Desai was free to do as he did because the parties' agreement had expired.

5. **Desai's Deposition Testimony Demonstrates The The Existence Of Disputed Material Facts.**

Desai testified at deposition on June 29, 2005. A true copy of said deposition testimony is attached to this memorandum as *Exhibit A.* The essential facts gleaned from the pages and lines of Desai's testimony are as follows:

    A.    Desai signed the term sheet given by HRC (29-7).
    B.    Nancy DiGiulio was the person who had primary contact with HRC (30-21).
    C.    HRC needed documents; whatever they asked, was provided (31-13), including all property evaluations (31-18).
    D.    Timing was critical to Desai. He needed financing to conclude the purchase which would not be further extended (32-3).

E. The time to do a deal with HRC expired without any loan commitment issuing and no details or schedules being agreed upon (34-21; 35-1,2; 35-7,19; 37-3,20).

F. Desai believed he would be bound to pay some cost of separation if he chose not to consummate a loan which HRC was committed to make. (39, 10-14).

G. Desai never had a loan commitment with all the details of a loan settled upon even by late August 2003 (40, 10-18).

H. No matter what Desai gave HRC, it insisted on collateral that could not be given (47-24).

I. 15 Wiggins Avenue and Indiantown Road could not be given as collateral. (49, 12-15).

J. Desai received no defined loan commitment by the specified date, thus he was not in breach of any agreement he may have had with HRC (50, 20-24); (51, 1-5).

6. **Other Disputed Material Facts Requiring Denial Of Summary Judgment**

In addition to Desai's deposition testimony, he now further relies on the affidavit testimony of Nancy DiGiulio and Dexter Williams, filed herewith.

Ms. DiGiulio testifies that she was Desai's primary contact person with HRC during the "due diligence" period; that she provided every piece of information requested by HRC; that HRC never committed to a loan within the time frame established by the term sheet; that she interpreted, on Desai's behalf, the term sheet to expire on July 31, 2003; that there was no alternative financing plan in the works as Desai dealt only with HRC; that the restructured deal with the owners of 25 Wiggins was not a sham transaction designed solely to beat HRC out of a contractual payment; and that the negotiation with HRC failed and expired because the parties could not and did not reach agreement on loan terms, conditions or collateral. *DiGiulio Affidavit.*

Mr. Williams testifies that he worked with Ms. DiGiulio as Desai's representatives on the HRC proposed loan; that the loan was necessary to conclude the purchase of 25 Wiggins; that money to be borrowed from HRC would be used to acquire 25 Wiggins; that the month of July 2003 was the time set aside for HRC to do its "due diligence" to decide for itself whether or not to commit its resources to Desai; that the loan negotiations never reached agreement on amounts, terms, conditions or collateral; that the term sheet expired on July 31, 2003 without a loan being agreed upon; that Desai terminated the HRC only after HRC made it clear would not do the loan unless it got all the collateral it demanded, some of which Desai could not give. *Williams Affidavit, Exhibit C*, filed herewith.

7. **Argument: Summary Judgment Must Be Denied.**

Applying the foregoing standards to the disputed materials facts of this case, this Court must conclude that the ambiguity in the term sheet and the absence of agreed loan terms are fatal to plaintiff's renewed motion for summary judgment, just as it was fatal to the original motion denied by the by the Court on October 27, 2004.

Construing the text of the term sheet in its usual and ordinary sense so that it may be enforced or not enforced as a rational business, there is only one way to view it. HRC agreed to consider making a loan and Desai agreed to accept a loan if the terms could be agreed to. The parties agreed to bind themselves in good faith until July 31, 2003 when the term sheet would expire if a loan had not been agreed to. No loan was agreed upon, thereby freeing HRC to commit its resources elsewhere, without liability to Desai, and vice-versa. This "view of it" is based on mutuality of the parties' rights and obligations. If the parties had agreed in good faith to a loan by July 31, 2003, Desai would be bound to pay the "break up" fee if he did not take the loan. But that is not what happened here. Desai would not and could not pledge certain collateral. HRC "interest in making loan" went away. HRC should not now be permitted to recover a "break up" fee in this failed negotiation.

8.  **Conclusion.**

Plaintiff's renewed motion for summary judgment must be denied. There is no "new evidence" that warrants this court to change its mind, to vacate the Order dated October 27, 2004, and to now enter summary judgment for the plaintiff. Under the applicable standard of analyzing the summary judgment record in a light most favorable to the opposing party, plaintiff's motion must be again denied.

                                  Respectfully submitted.
                                  Defendant Laxman Desai
                                  By his attorney

                                  _/s/ Robert G. Cohen_
                                  Robert G. Cohen, Esq. BBO#090340
                                  188 Oaks Road
                                  Framingham, MA 01702
                                  (508) 875-0035

December 28, 2006