07/03/2003  18:44    2125327901                                                      PAGE  02

Jul 01 03 03:44p     Toxikon Operations          17812711137                        p.3
   07/01/2003  14:24    2125327901                                           PAGE  02

# HUDSON REALTY CAPITAL, LLC

381 Park Avenue South-Suite 428                  2 University Plaza-Suite 206
New York, New York 10016                         Hackensack, New Jersey 07601
Tel: (212) 532-3553  Fax: (212) 532-7901         Tel: (201) 343-3222  Fax: (201) 343-1523

July 1, 2003

Dr. Laxman Desai
c/o Patrick Bisceglia
Bluestone Realty Advisors, Inc.
199 Main Street-Floor 9
White Plains, NY 10606

        Re:   25 Wiggins Avenue-Bedford, MA

Dear Mr. Desai:

Hudson Realty Capital, LLC ("Lender") is interested in providing financing on the Property (hereinafter defined).
This proposal (the "Letter") outlines the general terms and conditions under which Lender shall proceed and does
not constitute a loan commitment, either express or implied, on behalf of Lender, and does not impose any
obligation on Lender to make the loan.

| | |
|---|---|
| Borrower: | A single asset, bankruptcy remote entity acceptable to Lender in Lender's sole and absolute discretion ("Borrower"), in which Dr. Laxman Desai (the "Principal(s)") is the member, principal, or partner, as the case may be. |
| Collateral: | 25 Wiggins Avenue-Bedford, MA ("Property"). |
| Loan Amount: | Not to exceed $5,000,000.00 to be advanced pursuant to the loan documents provided by Lender in Lender's sole and absolute discretion (the "Loan"). |
| Loan-to-value ("L/V")/ DSCR: | The Loan shall not exceed 60.00% of the appraised value of the Property and the additional collateral (further defined in "Special Conditions"). The L/V shall be determined by Lender in its sole and absolute discretion. |
| Maturity: | One Year. |
| Interest Rate: | 12.00% per annum based on a 360-day year paid monthly in arrears. |
| Amortization: | Interest Only. |
| Commitment Fee: | Borrower shall pay a fee to Lender of 3.00% of the Loan Amount upon closing of the Loan. |
| Deposits: | The Borrower shall deposit in the form of bank check or wire, the sum of $5,000.00, which will be applied to Lender's underwriting fee (the "Due Diligence Fee"). Said sum shall be deemed earned by Lender at the time of payment and shall be non-refundable regardless of whether a loan commitment is issued or the Loan closes. The Due Diligence Fee does not cover costs of third party reports (i.e. appraisal, environmental, or Construction Loan Administrator/Plan and Specification Reviewer, if necessary). The Borrower must pay for these third party reports in addition to the Due Diligence Fee. |

Hudson Realty Capital, LLC
July 1, 2003
Page 2 of 4

Prior to the commencement of documentation, the Borrower shall deposit in the form of bank check or wire, the sum of $10,000.00 to be applied towards Lender's attorneys fees and disbursement in connection with this Loan. If the Loan does not close for any reason, the unused portion of this fee shall be refunded. The Borrower, Principal(s) and Guarantor(s) (hereinafter defined) is responsible for paying all legal fees and disbursements associated with the preparation for and closing of the Loan, including those incurred in connection with obtaining co-lenders and/or participants, if any, together with legal fees and disbursements of Lender's participants and/or co-lenders. All such fees are payable regardless of whether a loan commitment is issued or the Loan closes.

**Security:** The Loan shall be secured by a first mortgage on the Property, an assignment of rents, leases and profits upon the Property and a perfected security interest in all personal property and/or equipment used in connection with the Property. The mortgage and security interest shall constitute valid liens encumbering the Property, and such Property shall be subject to pledge of equity interests to no other liens or encumbrances, except as approved by Lender in its sole discretion. No additional senior or secondary financing will be permitted during the term of the loan, either secured or unsecured.

**Reserves:**

**Interest Reserve:** At closing, a To-be-determined interest reserve shall be established with the Lender.

**Escrows:** At closing, a three month real estate tax and insurance escrow account shall be established with the Lender based off 110% of the annual premiums. Additionally, Borrower shall escrow 1/12th of 110% of the annual premiums for real estate taxes and insurance each month, along with the monthly interest payments.

**Lease Approval:** Lender shall have the right to approve new leases and amendments to existing leases.

**Prepayment:** No prepayment of the loan shall be permitted without Lender, or its assigns, having received at least 6 months interest.

**Due Diligence:** Due Diligence shall include but not be limited to Lender completing, to its sole and absolute satisfaction, a complete review of the financials and credit of the Borrower, Principal(s), and Guarantor(s) (hereinafter defined), the Property and the surrounding market, title, and insurance. Lender reserves the right to order and review, an MAI certified appraisal, Phase I Environmental report, Structural Engineering Report and any other reports deemed necessary by Lender in its sole and absolute discretion, which reports shall be paid for by Borrower.

**Brokers:** Borrower represents that it has not dealt with any broker or finder with respect to the Loan other than Bluestone Realty Advisors, Inc. (the "Broker") and that a compensation agreement exists with the Broker. Borrower shall and hereby does agree to indemnify and hold Lender harmless from and against any claim, cost, liability or expense, including, but not limited to, reasonable attorneys' fees, arising out of any claim asserted by Broker or any broker or finder who claims to have worked with or represented the Borrower in connection with the Loan.

07/03/2003    12:53    314949074 55    CERTIFIED ASSIGNMENT    PAGE   04
Case 1:04-cv-10243-MEL    Document 47-4    Filed 12/28/2006    Page 4 of 5
07/03/2003  10:44    2125327901                                         PAGE  04

Jul 01 03 03:44p    Toxikon Operations    17812711137         p.5
     07/01/2003  14:24    2125327901                       PAGE  04

Hudson Realty Capital, LLC
July 1, 2003
Page 3 of 4

Documentation:    Upon Borrower's acceptance of this letter and payment of the Due Diligence Fee as
                  outlined herein, Lender shall commence its Due Diligence and the Documentation of the
                  Loan based on terms outlined herein. Such documentation shall include Lender's standard
                  loan documentation, and shall include, but shall not be limited to, a mortgage, mortgage
                  note, environmental indemnity agreement, security agreement, assignment of leases and
                  rents, an opinion letter from Borrower's counsel, requirements for monthly reporting,
                  Borrower's covenants and representations in affidavit form, and other documents,
                  instruments and/or undertakings. All of the forgoing shall be required by and shall be in a
                  form acceptable to Lender in its sole and absolute discretion.

Guarantee:        100% of the Loan, plus all accrued interest, plus all costs of enforcement of the Loan, plus
                  any and all other sums due or to become due Lender under the Loan Documents, shall be
                  guaranteed by Dr. Laxman Desai the principal(s) of the Borrower, its Manager or General
                  Partner, as the case shall be and any other person or member controlling more than 10% of
                  the Borrower (collectively, "Guarantor(s)"). In addition, Guarantor(s) shall be required to
                  execute an environmental indemnity agreement in form and substance satisfactory to
                  Lender.

Break-Up Fee:     The Borrower and Guarantor(s) hereby expressly agree and acknowledge that (a) Lender is
                  devoting its personnel and financial resources to the consideration of this Loan; (b) in
                  Lender's industry, business opportunities are limited, and extremely competitive; (c)
                  compensation to the Lender, in the event Borrower obtains financing from a source other
                  than Lender, would be extremely difficult to calculate; (d) Lender cannot, as a result of this
                  underwriting and analysis, commit its resources to other potential transactions and may be
                  deprived of business opportunities thereby; and (e) Lender may suffer negative impact in
                  the industry, in the event the Borrower does not complete this proposed transaction or
                  obtains financing from a competitor of the Lender. Accordingly, the Borrower hereby
                  expressly agrees that, for the six (6) month period commencing upon the execution of the
                  Letter, but prior to its funding of the Loan, in the event the Borrower or an affiliate or
                  controlled entity (a) obtains debt or equity financing for the Property from a source other
                  than Lender, or (b) sells, assigns or otherwise conveys the Property or its interest therein
                  Lender shall be deemed to have earned a Break-Up Fee, and shall be entitled to be paid the
                  same, in the amount of two percent (2%) of the Loan.

                  Payment of all fees and expenses referred to in this Paragraph (Break-Up Fee), are
                  guaranteed by the Borrower, Principal(s), and Guarantor(s), and each of them, each of
                  whom indicate their acceptance of the terms of this paragraph by executing this Letter. The
                  Borrower, Principal(s), and the Guarantor(s) hereby consent, on behalf of themselves, and
                  all related or affiliated entities which have an interest in this transaction or which have a
                  right or title in or to the Collateral, to the filing or recordation of a lis pendens or any other
                  appropriate documentation to evidence a lien for the payment required, including all
                  attorneys' fees and costs of collection pursuant to this Paragraph (Break-Up Fee).

Closing, Time
Of the Essence:   If the transaction contemplated by this letter of intent is not consummated on or before July
                  31, 2003, then the terms and conditions set forth herein shall thereafter expire, without
                  further notice or act of any kind by Lender or any other party. Time shall be of the essence
                  with respect to the foregoing expiration date and the performance by Borrower,
                  Principal(s) and Guarantor(s) under all of the loan documents.

07/03/2003   12:33    3145497719
07/03/2003  10:44    2125327901                                                        PAGE   05

Jul 01 03 03:45p    Toxikon Operations            17812711137              p.6
   07/01/2003  14:24    2125327901                                      PAGE  05

Hudson Realty Capital, LLC
July 1, 2003
Page 4 of 4

Special Conditions:    -Lender shall receive as additional collateral ("Additional Collateral") a combination of senior and/or subordinate financing on other assets owned in part or whole by Borrower. Said additional collateral shall be determined by Lender in its sole and absolute discretion.

This proposal shall expire on July 1, 2003. Please indicate your acceptance of this proposal by signing and returning same with the specified moneys in the form of bank check or wire the total sum of $15,000.00. Lender will then commence due diligence and begin initial documentation of the Loan. This proposal outlines the general terms and conditions under which Lender shall proceed and does not constitute a loan commitment, either express or implied, on behalf of Lender, and does not impose any obligation on Lender to make the loan.

Agreed To:

HUDSON REALTY CAPITAL, LLC

By:    Richard Ortiz

Acknowledged and accepted this ___3___ day of ___July___, 2003, by

BORROWER

By:    _____
       Dr. Laxman Desai                    07/01/03

Its:    ___Owner___

Dr. Laxman Desai ("Guarantor")